IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal Action No. 3:10CR21

LUIS ARIAS BUSTAMANTE,

MEMORANDUM OPINION

Luis Arias Bustamante, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 109). Bustamante asserts that, in light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender is unconstitutional.[1] At the time of Bustamante's sentencing, the USSG stated:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another."

Johnson, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." Id. at 2556. The Johnson Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Id. at 2563.

> defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2009). However, in his § 2255 Motion, Bustamante failed to identify why his prior controlled substance convictions no longer qualify as predicate felony offenses for career offender status.

Accordingly, by Memorandum Order entered on June 20, 2017, the Court directed Bustamante, within eleven (11) days of the date of entry thereof, to show cause as to why his § 2255 Motion should not be dismissed for lack of merit. (ECF No. 123, at 2.) The Court explained that a failure to do so would result in the dismissal of Bustamante's § 2255 Motion.[2] (Id.)

More than eleven (11) days have elapsed and Bustamante has failed to comply with the Court's directives or otherwise respond to the Court's June 20, 2017 Memorandum Order. Accordingly, the Government's Motion to Dismiss (ECF No. 122) will be granted. The § 2255 Motion (ECF No. 109) will be denied. The action will be dismissed, and the Court will deny a certificate of appealability.

---

[2] A review of Bustamante's Presentence Investigation Report indicates that he was designated a career offender based on his prior felony controlled substance convictions. (PSR ¶ 36.)

2

The Clerk is directed to send a copy of this Memorandum Opinion to Bustamante and counsel of record.

It is so ORDERED.

Date: July 28, 2017
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge